UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | | |
|---|---|---|
| **TOBY KRISTOPHER PAYNE,** Institutional ID #1720023, | § § § § § § § § § § § | |
| Plaintiff, | | |
| v. | | Civil Action No. 1:18-CV-048-BL |
| **MICHAEL D. DEWITT,** *et al.*, | | |
| Defendants. | | Assigned to U.S. Magistrate Judge |

## REPORT AND RECOMMENDATION

Plaintiff Toby Kristopher Payne, proceeding *pro se* and *in forma pauperis*, filed a civil rights action pursuant to 42 U.S.C. § 1983. (Doc. 1). Payne responded to a court questionnaire about his claims, and the undersigned determined the claims presented were not frivolous and directed service. (Docs. 12; 13). Defendants have jointly moved to dismiss the case against them pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (Doc. 45). The undersigned recommends that this motion be granted.

First, however, Payne requests that a response to this motion to dismiss be considered even though it was filed past the deadline. (Doc. 52). The undersigned believes this request is made in good faith, and **ORDERS** that the motion is granted, and has considered this response in making this report and recommendation. The defendants also have a pending earlier motion to dismiss (Doc. 31) which the undersigned believes is superseded and mooted by the later motion to dismiss on similar grounds (Doc. 45), and **RECOMMENDS** that the Senior District Judge so order.

## LEGAL STANDARDS

Federal Rule of Civil Procedure 12 provides for defenses to claims for relief in pleadings, including defenses of lack of subject-matter jurisdiction and failure to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b).

Rule 12(b)(1) permits a challenge where a defendant believes the court lacks subject-matter jurisdiction over one or more claims made in a complaint. The burden of establishing subject-matter jurisdiction rests on the plaintiff, and a court is required to consider issues of subject-matter jurisdiction before considering the merits of the complaint. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-95, 104 (1998). Sovereign immunity implicates the court's subject-matter jurisdiction. *FDIC v. Meyer*, 510 U.S. 471, 475 (1994). Mootness is likewise considered a subject-matter jurisdiction issue. *Goldin v. Bartholow*, 106 F.3d 710, 717 (5th Cir. 1999).

"To pass muster under Rule 12(b)(6), [a] complaint must have contained 'enough facts to state a claim to relief that is plausible on its face.'" *Reece v. U.S. Bank Nat'l Ass'n*, 762 F.3d 422, 424 (5th Cir. 2014) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal citations, quotation marks, and brackets omitted). Although a court must accept as true all factual allegations in the complaint when considering a 12(b)(6) motion, legal conclusions must be supported by factual allegations. *See Twombly*, 550 U.S. at 556; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 667 (2009). The court should "not strain to find inferences favorable to the plaintiffs and … not accept conclusory allegations, unwarranted deductions, or legal conclusions." *R2 Investments LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (internal citations and quotation marks omitted).

## DISCUSSION

Defendants first allege that any claims under the Religious Land Use and Institutionalized Persons Act for imposing a burden on Payne's ability to grow a beard according to religious practice are

moot because TDCJ now permits religious exemption for beards up to four inches. (Doc. 46). Defendants believe that because they now permit Payne to grow a beard for religious purposes, they are no longer "adverse parties with sufficient legal interests to maintain the litigation." (Doc. 46, 6) quoting *Sossamon v. Lone Star State of Texas*, 560 F.3d 316, 324 (5th Cir. 2009). Payne concedes this argument is now moot, but requests "the court consider that this claim was valid up until the point when [he] was granted permission to grow [his] beard." (Doc. 52, 2). This is an understandable request, but fails to reckon with the concept that a court is, for jurisdictional reasons, prohibited from deciding an issue that is no longer live. *See Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013). When a prohibited conduct has cased, and "could not reasonably be expected to recur," there is no issue for the court to decide. *Id.* quoting *Friends of the Earth, Inc. v. Laidlaw Environmental Services (TOC), Inc.*, 528 U.S. 167, 190 (2000). Such prohibited conduct is unlikely to happen again in this case because recent cases have prompted the TDCJ to allow religious exceptions for longer beards, and TDCJ will presumably not revert to policies which do not comply with RLUIPA. So, Payne's RLUIPA claims should be dismissed as without subject-matter jurisdiction under Rule 12(b)(1) because they are moot and unlikely to recur.

Defendants argue that Payne's request for disciplinary records to be removed from his inmate record is retroactive relief and barred by the Eleventh Amendment. (Doc. 46, 7). The Eleventh Amendment has been interpreted to prevent any suit against a state in federal court, except that actions may seek to prevent future violations of federal law by state officers. *See Harris v. Angelina County, Tex.*, 31 F.3d 331, 338 n. 7 (5th Cir. 1994). Contrary to the Defendants' assertions, institutional enforcement of policies prohibited by the RLUIPA is a violation of federal law, not only TDCJ policy. However, Payne explicitly requests that the resulting infractions be removed from his record, as opposed to a request for an injunction that they be considered in context in future disciplinary issues. Payne does

not show that this request is prospective rather than retroactive in nature, and so Eleventh Amendment immunity applies and this claim should be dismissed.

Defendants further argue that Payne's request for money damages for alleged violations of the First, Eighth, and Fourteenth Amendments should be dismissed as lacking subject-matter jurisdiction because money damages against official-capacity defendants are not authorized by § 1983. (Doc. 46, 8). Payne's only recourse against these defendants would be a prospective injunction, as explained above, and Payne does not request such an injunction arising out of these claims. Although Payne did request at one point that the court allow him to modify his complaint to request only "nominal and punitive damages in accordance with applicable ... law," he did not propose any injunction or order that might prohibit such action in the future. (Doc. 49). There are therefore no grounds upon which relief may be granted for these claims, and they should be dismissed under Rule 12(b)(6).

Defendants also claim that Payne's allegations of retaliatory conduct are conclusory and therefore insufficient under Rule 12(b)(6). (Doc. 46, 13). They specifically contend that Payne does not provide any facts which would tend to allege or infer a retaliatory intent. Payne responded by "assert[ing] that the defendants carried out the events as described in this action solely due to the fact that they had been publicly shamed when the TDCJ offender population achieved a rare victory via the ruling in *Ali v. Stephens* and as a consequence did retaliate." (Doc. 52, 3) (internal citation omitted). This connection is specious: Payne is not the inmate who prevailed in that case, and he does not highlight any specific connection between the cases. Although Payne's complaint can fairly be read to allege that TDCJ officials dragged their feet in complying with *Ali* and later beard cases, it cannot then be inferred that there was intent to retaliate against the inmate population as a whole or against Payne specifically. This

claim should be dismissed for insufficient pleading under Rule 12(b)(6) consistent with *Iqbal* and *Twombly*.

Finally, Defendants claim that Payne's claims under the Americans with Disabilities Act and Rehabilitation Act are also insufficiently pleaded. (Doc. 46, 14). An ADA or RA claim requires pleading that the plaintiff is a qualified individual under the statutes who was excluded from a program or service because of disability. *See Blanks v. Southwestern Bell Communications*, 310 F.3d 398, 400 (5th Cir. 2002). Although Payne claims he is a qualified individual based on a mental health diagnosis reflected in his TDCJ records, he does not specify any service or program which TDCJ denied to him. This is boilerplate pleading insufficient to withstand a 12(b)(6) motion after *Twombly* and *Iqbal* and should also be dismissed for failure to state a claim.

As explained above, each of Payne's claims against every defendant is subject to dismissal under Rule 12(b) of the Federal Rules of Civil Procedure. Therefore, the undersigned **RECOMMENDS** that the Defendants' motion be **GRANTED** and Payne's case **DISMISSED** against all defendants.

**IT IS ORDERED** that this case is transferred to the docket of Senior United States District Judge Sam R. Cummings.

A copy of this Report and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Report and Recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific

written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

**SO ORDERED.**

Dated May 24, 2019.

_____
E. SCOTT FROST
**UNITED STATES MAGISTRATE JUDGE**